[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Francois Biodonne, received actual notice of the pendency of this partition action by publication, and was subsequently defaulted for his failure to appear. The matter was then tried to the court as a hearing in damages.
The court finds the following facts. On April 27, 1992, the plaintiff, Yvon Beasejour, and the defendant purchased property known as 95 Cliff Street, Norwich, Connecticut, more particularly described as:
 A certain piece or parcel of land, with the building thereon, situated in the Town of Norwich, County of New London and State of Connecticut and bounded and described as follows:
 Beginning at the point of intersection of Cliff Street and an Avenue 20 feet in width known as Cliff Place and running thence northeasterly by the southeasterly line of Cliff Street 46 feet to land now or late of Frank Wilbur; thence southeasterly by said Wilbur land 125 feet ; thence southwesterly by land now or late of James McCall 46 feet to said Cliff Place; thence northwesterly by the northeasterly line of Cliff Place 125 feet to the point of beginning.
 Being the same premises as conveyed to Yvon Beasejour and Francois Biodonne by Executor's deed from the Estate of Albert Edward Desrosiers dated April 27, 1992 and recorded in the Norwich Land Records.
The plaintiff paid the entire down payment and all closing costs associated with the purchase; the defendant abandoned the premises shortly after the purchase and has not been seen or heard from since CT Page 8428 1993; the plaintiff has made every mortgage payment on the property, has paid all property taxes and has made all payments required to keep the property insured; the defendant has never contributed any money to the property; and the subject property is the plaintiff's principal residence.
In a situation where neither partition in kind or a sale is equitable because a coowner has only a minimal interest in the real estate, the trial court should be permitted to fashion an alternative equitable remedy because no owner can be compelled to continue ownership with another. Fernandes v. Rodriques, 54 Conn. App. 444, 452 (1999).
For all of the reasons stated above, pursuant to Connecticut General Statutes § 52-22, in the exercise of my equitable jurisdiction, title to the subject property shall pass by decree from the defendant, Francois Biodonne, to the plaintiff, Yvon Beasejour. Judgment may enter accordingly.
Martin, J.